UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MIRIAM DELGADO,
Plaintiff-Appellant,

and

KRISTINE SENTER; MICHAEL A.
SENTER, JR.,

Plaintiffs,

v.

PRUDENTIAL INSURANCE COMPANIES OF
AMERICA,
Defendant-Appellee.

No. 97-2593

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-96-851-5-BO)

Argued: June 5, 1998

Decided: October 22, 1998

Before MURNAGHAN and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thaddeus P. Downing, DOWNING, DAVID & DOWN-
ING, Fayetteville, North Carolina, for Appellant. Stephen Alan Dunn,

EMANUEL & DUNN, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Edward J. David, DOWNING, DAVID & DOWNING, Fayetteville, North Carolina, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Miriam Delgado appeals the district court's grant of summary judgment in which the court awarded the proceeds of Michael A. Senter's life insurance policy to Kristine Senter. Delgado asserts that material issues of fact and lack of complete discovery precluded summary judgment. Because these arguments lack merit, we affirm the district court's judgment.

I

Michael Senter was an active duty serviceman who was insured for $200,000 by the Prudential Life Insurance Company of America. The group life insurance policy that covered Senter was issued by Prudential to the Administrator of Veterans Affairs and not to Senter individually. Prudential does not enroll active duty members in the group life insurance program, and it does not maintain members' files. Prudential does not even know the names of the individuals covered by the policy until the insured dies. The Administrator certifies coverage and beneficiaries to Prudential following a death.

Following Michael Senter's death on February 18, 1996, the Administrator sent Prudential a certificate of enrollment and a 1993 beneficiary designation form. The 1993 form designated Kristine Senter and Michael Senter, Jr., as the beneficiaries of the policy. Kristine Senter was Michael Senter's wife, but the two had separated in 1994, and Michael Senter had filed for divorce two days prior to his death.

2

After receiving the form, Prudential notified the beneficiaries of their entitlement to the proceeds.

The Administrator then found in its files a 1995 beneficiary designation form which listed Kristine Senter as the sole principal beneficiary and Delgado as the contingent beneficiary. After it received this newly-certified beneficiary designation form from the Administrator, Prudential notified the parties that in the absence of any objection Kristine Senter would be paid the full amount of the policy.

Delgado filed this action in the Superior Court of Cumberland County, North Carolina. Prudential removed the case to the United States District Court for the Eastern District of North Carolina, counterclaimed in interpleader, sought leave to join additional parties, and deposited the full policy proceeds and accrued interest with the court. Kristine Senter moved for summary judgment, and Prudential requested that it be dismissed from the case and be awarded costs.

The district court granted Kristine Senter's summary judgment motion on October 9, 1997. It held Prudential's motion moot in light of its grant of summary judgment, and it denied Prudential's motion for costs. The district court held that the 1995 beneficiary designation form was plain on its face and that the form "clearly and unambiguously identifie[d] Kristine Senter as the sole principal beneficiary and Miriam Delgado as the sole contingent beneficiary." JA 378. The court ordered the funds dispersed on October 22, 1997. Delgado's November 1997 motion to stay the disbursement was denied as untimely. Delgado filed a timely appeal.

II

We review the district court's grant of summary judgment de novo using the same standard as the district court. Haavistola v. Community Fire Co. of Rising Son, Inc., 6 F.3d 211, 214 (4th Cir. 1993). A party is entitled to summary judgment if it shows that there are no material facts in dispute and that it is entitled to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c). In reviewing the record we draw all inferences in favor of the party opposing summary judgment. Haavistola, 6 F.3d at 214. A mere scintilla of evidence supporting the opposing party's case, however, is insufficient to defeat summary judgment.

3

Nguyen v. CNA Corp., 44 F.3d 234, 237 (4th Cir. 1995). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no `genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp. , 475 U.S. 574, 587 (1986) (citation omitted).

Delgado first claims that there are two material facts in dispute regarding the life insurance policy. She argues that"[i]n order to grant Summary Judgment . . . the District Court had to find that the [1995 beneficiary form] controlled over the [1993 beneficiary form] and that the `100 shares' referred to in the [1995 form] was intended . . . to mean `100%' of the proceeds." Appellant's Br. at 7.

Delgado does not place much reliance on the first fact allegedly in dispute. In actuality this fact is not in dispute. The 1995 form clearly states that "[c]ompleting this form will cancel any prior beneficiary or payment instructions." JA 31. A party is assumed to have read what he signs and is normally bound by its terms. In re Cajun Elec. Power Co-op., Inc., 791 F.2d 353, 359 (5th Cir. 1986).

Delgado's reliance on the second fact allegedly in dispute is also misplaced. The form provides that Senter is the principal beneficiary and Delgado is the contingent beneficiary. Under these circumstances a rational trier of fact could not find for Delgado. This form is not ambiguous; there is one principal beneficiary and one contingent beneficiary. Delgado's attempt to cast doubt on this insurance policy is unpersuasive. Her argument that the form states"100" shares and not "100%" of the shares is a good example of why the scintilla of evidence standard evolved. Kristine Senter is clearly listed as the sole principal beneficiary, and, as such, she is entitled to the entire amount of the proceeds. Delgado is clearly listed as the contingent beneficiary and therefore only receives the proceeds if Senter cannot.

III

Delgado's second claim, that summary judgment was inappropriate until discovery was complete, is without merit. Delgado relies on Fed. R. Civ. P. 56(f) arguing:

4

> Fed. R. Civ. P. 56(e)'s requirement that the party opposing a summary judgment motion set forth specific facts showing that there is a genuine issue for trial "[i]s qualified by Rule 56(f)'s provision that summary judgment be refused where the non-moving party has not had the opportunity to discover information that is essential to his opposition."

Appellant's Br. at 10 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)). As the Sixth and Eighth Circuits aptly stated: "Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." Emmons v. McLaughlin, 874 F.2d 351, 356 (6th Cir. 1989) (quoting Willmar Poultry Co. v. Morton-Norwich Prod., Inc., 520 F.2d 289, 297 (8th Cir. 1975)). To take advantage of Rule 56(f) the party opposing summary judgment must show how discovery will allow her to rebut the motion. Lewis v. ACB Bus. Serv., Inc., 135 F.3d 389, 409 (6th Cir. 1998).

Delgado claims that discovery is needed to resolve the ambiguity in the 1995 beneficiary designation form. There is no ambiguity in the form, however, and no amount of discovery can change that. Because the form is clear, additional discovery could not help Delgado oppose Senter's motion for summary judgment or find information essential to her opposition. Delgado also asserted at oral argument that she needed discovery to flesh out any claims she might have against Prudential. This is inappropriate for two reasons. First, discovery should not be used for fishing expeditions. R. Ernest Cohn, D.C. v. Bond, 953 F.2d 154, 159 (4th Cir. 1991). Delgado has not made this court aware of any claims she might have against Prudential, and mere speculation and conjecture are insufficient grounds for discovery. See Fennell v. First Step Designs, Ltd., 83 F.3d 526, 533 (1st Cir. 1996). Second, Prudential met its obligation under the insurance policy by depositing the insurance proceeds plus interest with the court.

Throughout her argument to this court, Delgado has stressed that she and Michael Senter had planned to wed, that Michael Senter was separated from his wife, and that he had just filed for divorce. Michael Senter's marital status, however, is irrelevant to this inquiry. The 1993 and 1995 forms state that a named beneficiary will not auto-

5

matically be changed by any event occurring after the form is completed. The forms list marriage, divorce, and annulment as examples of occurrences that have no effect on the named beneficiaries.

The district court's judgment is

<u>AFFIRMED</u>.

6